PER CURIAM.
Jeffrey Meldon, a member of The Florida Bar, pled guilty in federal district court to *315 a charge of conspiring to defraud the federal government by impeding, impairing, obstructing, and defeating the lawful function of the Internal Revenue Service in the ascertainment, computation, assessment, and collection of income taxes. The charges stemmed from Meldon’s assisting another person in his willful failure to file income tax returns and to pay income taxes due the federal government. The court sentenced Meldon to five years’ imprisonment, but suspended that sentence and placed him on five years’ probation conditioned upon Meldon’s compliance with the following conditions: 1) comply with all probation office rules and regulations; 2) obey all local, state, and federal laws; 3) perform 2,000 hours of pro bono legal services in eighteen and one-half months or, if prohibited from practicing law, perform 2,000 hours of community service within that time period; and 4) not represent anyone charged with a drug law violation.
The Florida Bar has filed a notice of felony conviction, requesting that Meldon be suspended from the practice of law until further order of this Court. Meldon, on the other hand, argues that the federal court adjudicated him guilty of only a misdemeanor rather than a felony and that an indefinite suspension is unwarranted. He contends that a public reprimand would be sufficient and that he has demonstrated his rehabilitation. In support of this contention Meldon has submitted numerous letters commending him for his community service and for his current work, without compensation, as supervisor of the county court division for the eighth circuit’s office of the public defender.
We commend Meldon for his community service. We find, however, that we cannot agree to the disciplinary action he proposes.
To support his claim that he pled guilty to a misdemeanor, Meldon directs our attention to 26 U.S.C.A. §§ 7203 and 7207 (West Supp.1984). These sections provide, respectively, that the willful failure to file a return, supply information, or pay tax and the willful delivery of fraudulent returns, statements, or other documents are misdemeanors. These same actions, however, are felonies under 26 U.S.C.A. §§ 7201 and 7206 (West 1967 & Supp.1984). These crimes contain different elements, and, when the elements of the crimes alleged against Meldon are compared with those in the statutes, we are convinced that Meldon pled guilty to felony charges.
Article XI, rule 11.07(4), Florida Bar Integration Rule, provides, in part:
Unless the Supreme Court permits an earlier application for reinstatement, the suspension imposed on the conviction shall, after final conviction, remain in effect for three years and thereafter until civil rights have been restored and until the convicted attorney is reinstated under
rule 11.11. As stated previously: “All events in an attorney’s life ... are, in effect, overwhelmed by a felony conviction. The purpose of [rule 11.07] is to cleanse the profession of those who cannot themselves abide by the law.” The Florida Bar v. Prior, 330 So.2d 697, 702 (Fla.1976) (Overton, C.J., & England, J., concurring specially). We deem it improper for a person whose civil rights have been forfeited because of a felony conviction to be allowed to practice law. To encourage respect for and confidence in the evenhanded administration of justice, we find we must suspend Meldon. The suspension will be effective until Meldon is either pardoned or has his civil rights restored and until he complies with rule 11.11. The suspension will be effective thirty days from the filing of this opinion.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDonald, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.